UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MICHAEL DOE, *et al.*,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**DONALD J. TRUMP, *et al.*,**<br><br>**Defendants.** | **Civil Action No. 26-3804** |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Michael Doe is an American citizen whose wife and daughter reside in Kyiv, Ukraine. See ECF Nos. 1 (Compl.), ¶ 1; 8 (Am. Mot.) at 11. In March 2025, his wife and daughter were almost killed in a drone strike. See Am. Mot. at 11–12. On behalf of himself and a class of Ukrainian refugees, Doe sues President Trump, Secretary Rubio, and Elon Musk for violating, *inter alia*, a federal statute that imposes sanctions on Russia, the Take Care Clause, and the First Amendment. See Compl., ¶¶ 12–14, 35–51. Alongside his Complaint, Doe filed a Motion to Proceed Pseudonymously, which this Court denied without prejudice for failure to address the relevant five-factor inquiry that applies to such motions. See ECF No. 4 (Mot.); Minute Order of October 30, 2026. Plaintiff then filed an Amended Motion to Proceed Pseudonymously addressing those factors. Because he has not established a concrete need for pseudonymity, the Court will deny his Motion.

## I. Legal Standard

Generally, a complaint must identify the plaintiffs. See Fed. R. Civ. P. 10(a); LCvR 5.1(c)(1). That requirement reflects the "presumption in favor of disclosure [of litigants' identities], which stems from the 'general public interest in the openness of governmental

processes,' and, more specifically, from the tradition of open judicial proceedings." In re Sealed Case, 931 F.3d 92, 96 (D.C. Cir. 2019) (quoting Wash. Legal Found. v. U.S. Sentencing Comm'n, 89 F.3d 897, 899 (D.C. Cir. 1996)). A party moving to proceed pseudonymously thus "bears the weighty burden of both demonstrating a concrete need for such secrecy[] and identifying the consequences that would likely befall it if forced to proceed in its own name." In re Sealed Case, 971 F.3d 324, 326 (D.C. Cir. 2020). As a result, the court must "balance the litigant's legitimate interest in anonymity against countervailing interests in full disclosure" by applying a "flexible and fact driven" balancing test. Id. (quoting In re Sealed Case, 931 F.3d at 96). That test assesses "five non-exhaustive factors":

> (1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of a sensitive and highly personal nature;
> (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or, even more critically, to innocent non-parties;
> (3) the ages of the persons whose privacy interests are sought to be protected;
> (4) whether the action is against a governmental or private party; and relatedly;
> (5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

Id. at 326–27 (cleaned up).

## II. Analysis

Plaintiff has not established that his interest in pseudonymity outweighs the public's interest in learning his identity.

The Court first must consider whether Plaintiff seeks to proceed under pseudonym "merely to avoid the annoyance and criticism that may attend any litigation," but to "preserve privacy in a matter of [a] sensitive and highly personal nature." Id. at 326 (quoting In re Sealed

Case, 931 F.3d at 97) (alteration in original). Plaintiff relies on Sponsor v. Mayorkas, 2023 WL 2598685 (D.D.C. Mar. 22, 2023), which held that privacy includes "maintaining [Plaintiffs'] and their family members' safety." Id. at *2. He points out that given drone strikes on Kyiv that nearly killed his wife and daughter, "[t]he fear of serious injury and death is very real." Am. Mot. at 11.

The Court does not doubt that individuals in Kyiv face brutal, life-threatening dangers, nor does it take their — or their families' — concerns about safety lightly. Plaintiff has failed, however, to link those legitimate fears to his being publicly named in this lawsuit. He provides no evidence that Russia's extensive bombing campaign targets the family members of individuals engaged in Russian-sanction-related lawsuits in the United States. At most, he asserts that "[t]he Russian government have a proven documented history and pattern of targeting anyone, anywhere in the world, who challenges their authority of government," including "documented attempted assassinations" and "the use of sophisticated hacking groups to steal identities, digital assets[,] and to launch drone bombing attacks inside Ukraine." Id. at 6. Doe's broad assertion that Russian retaliates against critics does not establish that it will assassinate him, steal his identity or digital assets, or launch drone strikes at his family members in Ukraine in response to a lawsuit. Absent any specific threats or evidence that his family members will be so targeted, this factor weighs against pseudonymity. Cf. R.A. v. Islamic Republic of Iran, No. 23-2606, ECF No. 4 (Mem. Op. & Order) at 3 (D.D.C. Sep. 12, 2023) ("In the Complaint, they describe the severe violence and threats that they have already faced at the hands of proxy militia organizations and that they could experience after filing this lawsuit if their identities were made public . . . . In light of this prior violence, Plaintiffs seek to avoid much graver harms than mere annoyance and criticism."); Farshid Do v. Islamic Revolutionary

Guard Corps, 2026 WL 980758, at *2 (D.D.C. Apr. 13, 2026) (describing system of regime-aligned proxies who act against critics).

The second factor — the risk of retaliatory harm — is closely related to the first and likewise weighs against pseudonymity. For the very reasons the Court just laid out, Doe has not established that there is any true risk that Russia will retaliate against him or his family. His Motion asserts that "[t]he threat of retaliation is without question by the Russian government," but he does nothing to support that contention. See Am. Mot. at 16. Because any "risk of retaliatory . . . harm to" Plaintiff or "to innocent non-parties" is entirely unsubstantiated, this factor weighs against letting Plaintiff proceed pseudonymously. See In re Sealed Case, 971 F.3d at 326 (quotation marks omitted).

Turning to the ages of the people with relevant privacy interests, Plaintiff alleges that disclosure of his identity could identify his minor daughter. Mot. at 17–18. Although Plaintiff is an adult, he "share[s] common privacy interests" with his minor child "due to their intractably linked relationship," so this factor favors pseudonymity. Z.J. v. District of Columbia, No. 23-1279, ECF No. 3 (Mem. Op.) at 4 (D.D.C. May 9, 2023) (quoting J.W. v. District of Columbia, 318 F.R.D. 196, 201 (D.D.C. 2016)).

The fourth factor, however, weighs against pseudonymity. "[A]nonymous litigation is more acceptable when the defendant is a governmental body because government defendants 'do not share the concerns about "reputation" that private individuals have when they are publicly charged with wrongdoing.'" J.W., 318 F.R.D. at 201 (quoting Doe v. Cabrera, 307 F.R.D. 1, 8 (D.D.C. 2014)). Plaintiff sues President Trump and Secretary Rubio, see Compl., ¶¶ 12–13, not "individuals who face an asymmetric risk of reputational damage from pseudonymous litigation." League of Women Voters v. U.S. Dep't of Homeland Sec., 2025 WL 2897654, at *3

(D.D.C. Oct. 10, 2025). However, he also sues Elon Musk, the CEO of SpaceX, Starlink, and Starshield, see Compl., ¶ 14, who "presumably ha[s] concerns about [his] . . . reputation[]." Doe 1 v. George Washington Univ., 369 F. Supp. 3d 49, 66–67 (D.D.C. 2019); see also Doe v. Palantir Techs. Inc., No. 25-cv-4581, ECF No. 6 (Mem. Op. & Order) at 8 ("Courts generally disfavor pseudonymity in cases where defendants are private entities."). Even if the suit were only against government officials, the fact that Doe seeks programmatic, rather than individualized, relief would disfavor pseudonymity since the "public interest is intensified" when a party "seeks to alter the operation of public law . . . as applied to . . . other parties going forward." In re Sealed Case, 971 F.3d at 329.

Fifth and finally, letting Plaintiff proceed pseudonymously will not prejudice Defendants. Doe claims that Defendants know or will know his identity through discovery, especially because his wife contacted the United States Embassy and disclosed her identity and presumably Plaintiff's. See Am. Mot. at 24; see also Doe v. Fed. Republic of Germany, 680 F. Supp. 3d 1, 6 (D.D.C. 2023) ("Defendants would suffer no risk of unfairness if the Motion were granted, given Plaintiff's claim that they already know Plaintiff's true identity.") (cleaned up). Defendants thus do not face a risk of unfairness.

On balance, although the third and fifth factors lend some support to Plaintiff, the others tip the scale toward disclosure. The Court finds that Plaintiff has not met "the weighty burden" of "demonstrating a concrete need" for pseudonymity. In re Sealed Case, 971 F.3d at 326.

The Court accordingly ORDERS that:

1. Plaintiff's [8] Motion to Proceed Under Pseudonym is DENIED;
2. Within fourteen days of the Court's Order, Plaintiff shall file a Notice advising the Clerk of the Court whether he wishes to proceed with filing his Complaint on

the public docket using his real name, and, if so, he shall also file his [8] Motion on the public docket as an exhibit to the Notice; and

3. If Plaintiff does not file such Notice within fourteen days, the Clerk is directed to terminate the case.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
Chief Judge

Date: November 20, 2026